Argued and submitted March 24,
remanded with instructions July 28, 1980

JUSTICE, et al,
*Petitioners,*
*v.*
BUILDERS BOARD,
*Respondent.*

(No. CA-210, CA 15812)

614 P2d 625

James C. Farrell, Roseburg, argued the cause and filed the brief for petitioners.

Al J. Laue, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is an appeal by petitioners from a final order of the Builder's Board awarding damages to respondent pursuant to ORS 701.085(1)(c)[1] and ORS 701.145.[2]

In April, 1977, the Buchanans entered into an earnest money agreement to purchase a "spec" home being built by petitioners on property owned by petitioners. On July 26, 1977, the home was completed and on the same day the Buchanans inspected it and signed a second agreement, which recited that the buyers had inspected the premises and waived any claims on account of the specifications for the home or the condition thereof.[3]

---

[1] ORS 701.085(1)(c) provides:

"(1) A person applying for a certificate of registration shall file with the board a surety bond with one or more corporate sureties authorized to do business in this state in the amount of $3,000, conditioned that the applicant will, with regard to work subject to this chapter, pay:

"* * * * *

"(c) All amounts that may be adjudged by the board against the builder by reason of negligent work, improper work or breach of contract in performing any work subject to this chapter. The board may reduce the amount adjudged to be owed by the builder by any amount unpaid to the builder by the claimant."

[2] ORS 701.145 provides in pertinent part:

"(1) Any person having a claim against a builder of the type referred to in ORS 701.085, may file with the board a statement of the claim in such form as the board prescribes. * * *."

[3] Pertinent parts of the agreement are as follows:

"In connection with said sale, buyer agrees and warrants, as part of the consideration for such sale to buyer, that buyer has inspected all of said property on their own behalf and that in making said purchase and in executing whatever documents are necessary to consumate said sale, buyer is not relying upon any representations, warranties, guarantee, or covenants of seller or any party acting for seller with respect to the condition of said property, and buyer explicitly waives any claim on that account. Seller and buyer hereto agree that neither seller nor any party acting for seller has made any such representations, warranties, guarantees, or covenants. This, however, does not detract from, limit, or restrict seller's representations, warranties, guarantees, or covenants with respect to title thereto."

After occupying the home for a period of time, the Buchanans filed a claim with the Builder's Board listing a series of defects in the construction. The premises were inspected by a Board representative, and after a hearing before the Board, the hearings officer found that the claimed defects did exist and ordered petitioners to pay damages. Petitioners appeal from that order, contending that the Board lacked jurisdiction and that it erred in failing to find the Buchanans were barred from recovering because they had relinquished their rights under the July 26 agreement.

Petitioners' jurisdictional claim is based upon ORS 701.010(6), which provides in part that ORS 701.005 *et seq* does not apply to

"A person performing work on a property that person owns, whether occupied by that person or not, or a person performing work on that person's residence, whether or not that person owns the residence."

While petitioners did own the property on which the "spec" home was built, it is obvious to us that ORS 701.010(6) was not intended to exempt from the registration requirement persons engaged in the business of building homes for sale.

ORS 701.055 provides:

"(1) A person shall not do work or submit a bid to do work as a builder unless he has a certificate of registration issued by the Board. * * *."

A "builder" is defined by ORS 701.005(2) as:

"* * * a person who, in the pursuit of an independent business, undertakes or offers to undertake or submits a bid, to construct, alter, repair, improve,

---

"Buyer further agrees and warrants that buyer has inspected said premises and agrees that all the work has been completed in accord with the specifications as originally drawn or verbally modified between the parties, and in particular but not excluding other changes, installation of a tile roof in place of a shake roof."

move or demolish a structure or to perform any work in connection with the construction, alteration, repair, improvement, moving or demolition of a structure, and the appurtenances thereto, except landscaping and lawn sprinkling systems."

ORS 701.055(5) provides that:

"Registration under this chapter is prima facie evidence that the registrant conducts a separate, independent business."

■ Petitioners were, in fact, registered with the Builder's Board and testified that they were engaged in the business of constructing homes for sale as a builder. The home purchased by the Buchanans was built in the pursuit of that business. We hold that ORS 701.010(6) applies to "persons" other than "builders" doing work as an owner or tenant of residential property which is intended for sale. *See* OAR 812-11-020(2). The Builder's Board had jurisdiction of this controversy.

■ Petitioners next contend that if the Builder's Board had jurisdiction, it erred in failing to honor the waiver agreement so as to release petitioners from all liability. Petitioners attempted to raise the "agreement" as a defense several times during the agency proceeding. The hearings officer made no findings with respect to the "agreement," and there is no evidence that she considered it in reaching her decision. It is clear that here, in determining whether damages should be awarded against petitioners, the Board was required to consider the contract between the parties. ORS 701.085(1)(c). The "agreement" in this case, if supported by consideration, was part of the total contract between the parties and should have been considered by the Board in determining whether the Buchanans were entitled to compensation.

Since the Board made no findings on the contract issues, we remand for further proceedings consistent with this opinion.

Remanded with instructions.